UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

4699 INVESTMENT CORP.,                                  CASE NO.:  1:22-CV-23272-DPG

    Plaintiff,

v.

MARATHON PETROLEUM COMPANY, LP,

    Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF 48) AND DEFENDANT'S MOTION TO CONVERT ITS MOTION TO DISMISS INTO A MOTION FOR JUDGMENT ON THE PLEADINGS (ECF 53)**

Plaintiff, 4699 Investment Corp. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and the parties' agreement, hereby requests an extension of time to file its responses to the following two pending motions filed by Defendant Marathon Petroleum Company, LP ("Defendant"): (i) Defendant's Motion to Dismiss Second Amended Complaint (ECF 48) ("Motion to Dismiss"); and (ii) Defendant's Motion to Convert Its Motion to Dismiss into a Motion for Judgment on the Pleadings (ECF 53) ("Motion to Convert Motion to Dismiss"), and states:

1. On January 31, 2023, the Court granted Plaintiff's Motion for Leave to File Amended Complaint. (ECF 36).

2. On February 1, 2023, Plaintiff filed its Second Amended Complaint ("Complaint"). (ECF 38).

3. On February 15, 2023, Defendant filed its Motion to Dismiss. (ECF 48).

4. On March 16, 2023, Defendant filed its Motion to Convert Motion to Dismiss. (ECF 53).

5. Pursuant to the parties' prior agreements and the Court's paperless Orders (ECF 59, 65), Plaintiff's current deadlines to respond to the Motion to Dismiss and the Motion to Convert Motion to Dismiss is today, April 24, 2023.

6. The basis for the prior recent extensions was the parties' anticipated settlement. Plaintiff's position has been that the parties reached a settlement in principal weeks ago, subsequently finalized the settlement agreement consistent with the parties' agreed terms, and due to events outside Plaintiff's control, the settlement agreement has not been executed. Defendant disagrees with Plaintiff's position, and on Sunday afternoon, April 23, 2023, Defendant stated that there has been an impasse and that Defendant will now proceed to litigate this case.

7. Due to the recent change in circumstances, Plaintiff intends to retain additional counsel to litigate this case. Plaintiff's new counsel needs time to review the file, including the pending motions, before Plaintiff can finalize its responses to the pending motions.

8. Additionally, Plaintiff is in the unusual position of having to not only respond a Motion to Dismiss—which, ordinarily, if granted, would result in an order dismissing the Complaint, with leave to amend given the procedural posture of this case—but also the Motion to Convert Motion to Dismiss. The Motion to Convert seeks to convert Defendant's Motion to Dismiss into a motion for judgment on the pleadings, even though Defendant's anticipated answer and counterclaim have not been filed or disclosed, so it is currently unknown what if any pleadings Defendant is or will be moving for judgment on. Plaintiff has requested that Defendant file or disclose such pleadings before Plaintiff is required to file a response to a hypothetical motion for judgment on the pleadings, in order to avoid Defendant obtaining "judgment" on pleadings or claims that are currently unknown. Defendant has not yet disclosed its anticipated answer and counterclaims, but has indicated that they may differ from Defendant's prior answer and

counterclaims. Of course, motions for judgment on the pleadings are filed after the pleadings are closed, but in this case Defendant chose to file a motion to dismiss instead of filing an answer and counterclaim, and still has not yet disclosed its anticipated answer or counterclaim, so Plaintiff does not yet know if, when, or how Defendant will eventually be pleading in response to the Complaint. Thus, Plaintiff is in the difficult position of having to respond to a hypothetical motion for judgment on the pleadings based on unknown pleadings. Plaintiff will address these issues in its forthcoming response to Defendant's motions, but merely notes here that Defendant does not appear to be seeking to use its pending Motion to Dismiss merely to obtain dismissal of the Complaint, but instead to try to obtain judgment on the pleadings, which could change the nature and significance of the motion and Plaintiff's forthcoming response to it.

9. For these reasons, Plaintiff respectfully requests a twenty-day extension of time to respond to Defendant's pending motions.

10. Finally, for record purposes, Plaintiff also anticipates moving for an extension of the fact discovery deadline, after further conferring with Defendant, in light of the current procedural posture of this case and the status of discovery.

WHEREFORE, Plaintiff 4699 Investment Corp. respectfully requests a twenty-day extension of time to respond to Defendant's Motion to Dismiss Second Amended Complaint (ECF 48), and Defendant's Motion to Convert Its Motion to Dismiss into a Motion for Judgment on the Pleadings (ECF 53), and for any further relief the Court deems proper.

QB\80696753.2

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiff consulted with counsel for Defendant, including by e-mails on April 24, 2023, and counsel for Defendant does not object to the relief requested herein.

QUARLES & BRADY LLP

By: */s/Joseph T. Kohn*
    Joseph T. Kohn
    Florida Bar No. 113869
    Gabriela N. Timis
    Florida Bar No. 1025730
    1395 Panther Lane, Suite 300
    Naples, FL 34109
    239/659-5026 Telephone
    239/213-5426 Facsimile
    joseph.kohn@quarles.com
    gabriela.timis@quarles.com
    debra.topping@quarles.com
    kerlyne.luc@quarles.com
    DocketFL@quarles.com
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on April 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joseph T. Kohn*
Joseph T. Kohn

QB\80696753.2